UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CARNELL McCREARY,

       Plaintiff,                                    Case Number 07-11478-BC
                                                        Honorable Thomas L. Ludington
       v.

MIKE COX; et. al.

       Defendants,
_____/

## ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(g) AND DENYING APPLICATION TO PROCEED *IN FORMA PAUPERIS*

The plaintiff, Carnell McCreary, presently confined at the Baraga Maximum Correctional Facility in Baraga, Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. He has requested that he be permitted to proceed *in forma pauperis* in this case. *See* 28 U.S.C. § 1915(a)(1) (1996). After reviewing the plaintiff's submissions, the Court concludes that based on previous civil actions he has filed, the plaintiff's complaint and application for pauper status lack merit. The Court therefore will deny the plaintiff's application to proceed *in forma pauperis* and *sua sponte* dismiss his complaint pursuant to the "three strikes provision" of the Prison Litigation Reform Act (PLRA).

On April 6, 2007, Magistrate Judge R. Steven Whalen issued an order to show cause giving the plaintiff fourteen days to explain in writing why his complaint should not be dismissed pursuant to 28 U.S.C. § 1915(g). The order to show cause was based on the fact that a United States District Court previously had dismissed three of the plaintiff's cases for being frivolous, malicious, or for failing to state a claim upon which relief can be granted: *McCreary v. Perry,* No. 02-CV-72038 (E.D. Mich. May 25, 2002) (Duggan, J.); *McCreary v. Turner, et. al.,* No. 03-CV-73336 (E.D. Mich.

September 30, 2003) (Cohn, J.); *McCreary v. Cox, et. al.,* No. 02-CV-72677 (E.D. Mich. August 13, 2004) (Friedman, J.).

On April 27, 2007, the plaintiff filed a response to the order to show cause. He does not deny that at least three of his prior civil actions have been dismissed for being frivolous, malicious, or for failing to state a claim upon which relief can be granted. Instead, the plaintiff contends that he should be permitted to proceed because the allegations in his complaint fall within the "imminent danger" exception to § 1915(g).

Under the Prison Litigation Reform Act of 1995 (PLRA), the Court may dismiss an incarcerated plaintiff's civil case if, on three or more previous occasions, a federal court dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. *See*, 28 U.S.C.§ 1915(g) (1996); *See also Thaddeus-X v. Blatter*, 175 F. 3d 378, 400 (6th Cir. 1999); *Witzke v. Hiller,* 966 F. Supp. 538, 540 (E.D. Mich. 1997). In addition, this so-called "three strikes provision" of the PLRA prohibits a prisoner, who has had three prior suits dismissed for being frivolous, from proceeding *in forma pauperis* in a civil rights suit absent an allegation that the prisoner is in imminent danger of serious physical injury. *See McFadden v. Parpan*, 16 F. Supp. 2d 246, 247 (E.D.N.Y. 1998). The Court may *sua sponte* raise the three strikes provision of the PLRA on its own initiative. *Witzke,* 966 F. Supp. at 539.

In the present case, the plaintiff has failed to show that he comes within the "imminent danger" exception to section 1915(g). He claims that the defendants have failed to file criminal charges against a corrections officer whom plaintiff alleges filed a false misconduct charge against him while he was incarcerated at the Ionia Maximum Correctional Facility. In his response to the order to show cause, the plaintiff insists that he has been placed in physical and mental danger

because state and county law enforcement officials have failed to protect him from the physical and mental abuse arising from the retaliatory acts of state actors.

However, to meet the imminent danger requirement of the PLRA's three strikes provision, the threat or prison condition "must be real and proximate." *See Ciarpaglini v. Saini,* 352 F. 3d 328, 330 (7th Cir. 2003). Courts are permitted to deny a prisoner leave to proceed *in forma pauperis* when his claims of imminent danger are "conclusory or ridiculous." *Id.* at 331. A district court may discredit factual claims of imminent danger that are "'clearly baseless'; i.e., allegations that are fantastic or delusional and rise to the level of the 'irrational or wholly incredible.'" *See Gibbs v. Cross*, 160 F. 3d 962, 967 (3d Cir. 1998).

Here, the plaintiff has not established that he is in imminent danger of serious physical injury. He therefore is not entitled to invoke the imminent danger exception to the three strikes rule. The plaintiff's allegations of imminent danger of serious physical injury are entirely speculative. *See Swenson v. Pramstaller,* 169 Fed. Appx. 449, 450-51 (6th Cir. 2006), particularly in light the fact that his conclusory statements of physical or mental harm are unsupported by evidentiary material. *See Chance v. Tennessee,* 47 Fed. Appx. 762, 763 (6th Cir. 2002). Finally, his allegations lack factual support because he is no longer incarcerated at the Ionia Maximum Correctional Facility where the allegedly false misconduct ticket was written. Instead, he is now incarcerated at the Baraga Maximum Correctional Facility. Plainly, the plaintiff cannot allege that he is in imminent danger of serious physical injury at a facility where he is no longer incarcerated. *See Medberry v. Butler*, 185 F. 3d 1189, 1193 (11th Cir. 1999).

Because the plaintiff has not alleged any facts which would establish that he is in imminent danger of serious physical injury, he does not fit within the exception to the statutory mandate that

prohibits him from proceeding *in forma pauperis* in light of his prior frivolity dismissals. *Mulazim v. Michigan Dept. of Corrections,* 28 Fed. Appx. 470, 472 (6th Cir. 2002). He shall therefore remain liable for the $ 350.00 filing fee. *In Re Alea,* 286 F. 3d 378, 381 (6th Cir. 2002). Since the plaintiff has had three prior cases dismissed against him for being frivolous, malicious, or failing to state a claim, 1915(g) additionally bars him from appealing *in forma pauperis. See Drummer v. Luttrell*, 75 F. Supp. 2d 796, 805-806 (W.D. Tenn. 1999). The Court will not certify that any appeal from this dismissal would be in good faith.

Accordingly, it is **ORDERED** that the plaintiff's application to proceed *in forma pauperis* [dkt # 2] is **DENIED** and the complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(g).

It is further **ORDERED** and **CERTIFIED** that any appeal taken by the plaintiff would not be done in good faith.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: July 12, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 12, 2007.

s/Tracy A. Jacobs  
TRACY A. JACOBS

---